**528**

Louis E. WAGNER, Plaintiff,

v.

AETNA INSURANCE COMPANY, a
corporation, Defendant.

Civ. A. No. 34-54.

United States District Court,
D. Nebraska, Lincoln Division.

Dec. 2, 1954.

Robert S. Finn, Tecumseh, Neb., Robert VanPelt, VanPelt, Marti & O'Gara, Lincoln, Neb., for plaintiff.

Arthur E. Perry, Perry & Perry, Lincoln, Neb., for defendant.

DELEHANT, District Judge.

The plaintiff sued in the District Court of Johnson County, Nebraska to recover judgment against the defendant upon a claim under a policy of insurance against loss or damage by windstorm to a building owned by him. The case was removed to this court by the defendant which promptly answered here, denying liability on the ground, among other things, that the alleged damage was not attributable to windstorm and was not within the coverage of the policy. The answer was filed on July 15, 1954. During July the defendant also served upon the plaintiff, and the plaintiff answered, certain requests for admission. On October 7, 1954 the court entered an order setting the case for a pretrial conference to be held on October 20, 1954 at 3:00 o'clock p. m. The action, meanwhile, had been set for trial before a jury at a session of the court scheduled to commence on November 8, 1954. But on October 19, 1954, upon a motion in open court made by Mr. VanPelt, one of the attorneys for the plaintiff, an order was made and given dismissing the action without prejudice at the costs of the plaintiff.

On October 21, 1954 the defendant filed a verified bill of costs which included, among other items, one described as "costs of the deposition of Mrs. W. Lee Allen, W. Lee Allen, and Louis E. Wag-

ner, $78.95". The clerk taxed costs in accordance with the statement. On October 30, 1954 the plaintiff, after due service, filed objections to the request for taxation of costs aimed only at the foregoing item. It is upon that motion that ruling is now made, after oral argument of counsel.

Though not formally filed, the deposition was transcribed on and prior to October 2, 1954, though Wagner has not signed and sworn to his testimony and Mr. and Mrs. Allen signed theirs on November 4, 1954; and it was presented to me without question or objection upon the hearing on the motion. It discloses that on September 25, 1954, at Tecumseh the defendant, pursuant to notice, took the depositions of the designated persons before a Notary Public who taxed as the costs thereof the sum of $78.95, which the defendant paid. The transcribed depositions, with stipulations and certificate, cover 113 typewritten pages. The deposition of Louis E. Wagner, the plaintiff, extends from page 5 to page 56, both inclusive, that of W. Lee Allen from page 57 to page 89, both inclusive, and that of Mrs. W. Lee Allen from page 90 to page 112, both inclusive. All of the deponents reside in Tecumseh where the testimony was taken which is within one hundred miles of the regular seat of court for this division. So far as appears, Wagner and Mrs. Allen are able-bodied persons quite capable of traveling to, and appearing as witnesses at a trial held in, Lincoln. It is otherwise with Mr. Allen who is affirmatively shown by the deposition to have been seriously ill with a progressive nervous disorder at the time of the taking of his testimony. Wagner's status as plaintiff is manifest. Allen is the agent of the defendant who wrote the policy in suit and to whom the plaintiff gave some notice of claim. Mrs. Allen is the latter's wife and, since the onset of his disabling illness, actively engaged in the work of his insurance business.

It is manifest, and I find, that Wagner's deposition was taken exploratorily and as a matter of pretrial preparation and precaution. Only as a possible impeachment device could its use upon the trial reasonably have been intended. In a less obvious way, that is also true of the testimony of Mrs. Allen. In the event of her intervening death or disability her evidence might have been used in the trial. But that was at most an improbable hypothesis. The deposition was taken largely to get into tangible writing the probably material version of a witness likely to favor the defendant but subject to doubt inspiring local influences.

Mr. Allen's deposition stands in a distinguishingly different plight. He disclosed, and fortified with particulars, his virtually certain inability to proceed personally to the place of trial. Actually, his testimony seems intrinsically to foreshadow his fairly early dissolution, and to cast grave doubt upon its own probative significance under appraisal even at the time of its taking.

I do not consider that the fact alone that a deposition has not been received in evidence intercepts the taxation of its costs. Upon that subject and relying on cited authorities, I expressed my opinion in Andresen v. Clear Ridge Aviation, Inc., D.C.Neb., 9 F.R.D. 50, 56, 57. It is unnecessary either to repeat or to quote what I said there. Upon the reasoning of that opinion I consider that the defendant is not entitled to the taxation of any costs allocable to the depositions of Wagner and Mrs. Allen. However, the same thinking allows the taxation of the costs properly allocable to the deposition of Mr. Allen. That it was never offered in evidence is not decisive. It was taken as evidence and its use was intercepted by dismissal upon the unilateral application of the plaintiff himself.

Unfortunately, neither in the Notary's taxation of costs in the deposition, nor in the defendant's verified state-

ment of costs are the costs of the depositions allocated to the evidence of the separate deponents. Therefore, by way of practical disposition, the plaintiff's objections are being sustained and the taxation of the item of $78.95 is being vacated, but without prejudice to the taxation of the costs properly allocable to the taking of the deposition of W. Lee Allen, leave to serve and file a duly verified bill for which, Title 28 U.S.C.A. §§ 1920 and 1924, by December 15, 1954 is being granted to the defendant.